IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| **MARCY A. JOHNSON and CAROL WATKINS, Individually and on Behalf of All Others Similarly Situated,**<br>                       **Plaintiffs,**<br>**v.**<br><br>**WASHINGTON UNIVERSITY,**<br>                       **Defendant.** | **Case No.: 2:10-cv-04170-NKL** |

**PLAINTIFFS' MOTION AND MEMORANDUM IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, PUBLISHING OF NOTICE, AND SETTING OF A FINAL FAIRNESS HEARING**

Plaintiffs, individually and on behalf of the Settlement Class (as defined in the Settlement Agreement and stated below), by and through Co-Lead Settlement Class Counsel, move this Court for Preliminary Approval of Class Action Settlement, Publishing of Notice, and Setting a Final Fairness Hearing. In support thereof, Plaintiffs state as follows:

**I.    THE LITIGATION**

On or about August 4, 2010, Plaintiffs filed their Complaint against Defendant alleging that Defendant violated the Drivers Privacy Protection Act (DPPA) by selling and/or obtaining the highly restricted information of Missouri Drivers in violation of that act.

Defendant asserts that it has violated no laws and believes it has meritorious defenses. Likewise, Plaintiffs believe they will prevail should the case go to trial. Both parties recognize a risk if this lawsuit proceeds. Therefore, the parties have agreed to resolve the alleged violations of the DPPA, through their proposed settlement which includes the deletion of all social security numbers from the Missouri DOR Database and the promise to not request, use and/or disclose highly restricted personal information, as defined in the DPPA, 18 U.S.C. § 2725, unless it is done in compliance with federal and state law.

The following document is being offered in support of this Motion:

Exhibit 1-  Settlement Agreement
Exhibit A-  Notice Plan
Exhibit B-  Long Form Notice
Exhibit C-  Publication Notice

## II.  SUMMARY OF THE SETTLEMENT

After extensive and arm's length negotiations, the parties have reached the Settlement Agreement, which provides valuable and important benefits for the Settlement Class members, and readily meets the standard for preliminary approval-that is, it is well within the required range of fair, reasonable, and adequate. *Manual for Complex Litig.* § 30.41, at 237 (explaining the standard for preliminary approval); *see also In re NASDAQ Market-Makers Antitrust Litig.*, 176 F.R.D. 99, 102 (S.D.N.Y. 1997);

The Settlement Agreement provides: "Defendant will not request, use and/or disclose any highly restricted personal information, as defined under the DPPA, 18 U.S.C. § 2725, from the Missouri Department of Revenue unless such request, use and/or disclosure complies with applicable federal and state law."  Further:  "Within 25 business days after the Effective Date of the Settlement Agreement, Washington University will delete social security numbers from the Missouri DOR Database acquired after August 4, 2006."

In addition, Defendant agrees to pay:

1.  Third Party Administration Costs, including the costs of Notice;

2.  Settlement Class Counsel's Attorney's Fees and case expenses in the amount of $25,000.00; and

3.  Incentive Awards to the named class representatives in the amount of $500.00 each.

Therefore, by this motion, Plaintiffs and Settlement Class Counsel respectfully move the Court for entry of an order: (1) preliminarily approving the settlement set forth in the Settlement Agreement; (2) approving the proposed Notice Program to the Settlement Class; (3) certifying the Settlement Class; (4) appointing Marcy A. Johnson and Carol Watkins as the Settlement Class Representatives; (5) appointing Ralph K. Phalen, Mitch Burgess and Don Saxton Settlement Class Counsel; and (6) scheduling a hearing to consider final approval of the settlement and any related matters.

## III.   CERTIFICATION OF A SETTLEMENT CLASS

"The settlement class device has been recognized throughout the country as the best, most practical way to effectuate settlements involving large numbers of claims," where the claims are small. *In re Prudential Sec. Limited Partnership Litig.*, 163 F.R.D. 200, 205 (S.D.N.Y. 1995); *see also In re General Motors Corp. Pick-Up Truck Fuel Tank Prods. Liability Litig.*, 55 F.3d 768, 784 (3d Cir. 1995) (holding that courts should favor the use of devices, including settlement classes, that foster negotiated conclusions to class actions).

Accordingly, the parties have stipulated to the definition of a Settlement Class which is defined as follows:

All Missouri licensed drivers whose personal information and/or highly restricted personal information from their motor vehicle records, as defined by 18 U.S.C. § 2725, was obtained, disclosed, or used by Defendant, or any agent, officer, employee, or contractor of Defendant, from August 4, 2006 to the present.  Excluded from the Class are (1) any officer, agent, or employee of Defendant or family members thereof; (2) any of the undersigned attorneys or any member of the undersigned attorneys' immediate families; (3) the Court presiding over this case; and (4) any personnel of the Court presiding over this case.

### A.   The Proposed Settlement Class Meets All the Requirements for Class Certification Pursuant to Rule 23(a) of the Federal Rules of Civil Procedure.

The Settlement Class meets all of the requirements for class certification pursuant to Federal Rule of Civil Procedure Rule 23(a). Rule 23(a) sets forth the following prerequisites for

certifying a class: "(1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a).

First, since Defendant has obtained the information about the licensed drivers in Missouri, the Class contains millions of members. The Settlement Class is clearly so numerous that joinder of all members is impractical.

Second, the same legal and factual questions are present for each member of the Settlement Class. "The threshold of `commonality,' is not high." *In re Lupron Marketing and Sales Practices Litig.*, 228 F.R.D. 75, 88 (D. Mass. 2005) (citation omitted). "[T]he rule requires only that resolution of the common questions affect all or a substantial number of class members." *Id.* (citation omitted). The questions of law and fact common to the Settlement Class, include, *inter alia*:

   a.   whether Defendant obtained drivers information in violation of the DPPA;

   b.   what damages Defendant may owe the Class for obtaining information in violation of the DPPA.

In regard to the third requirement, "[a] sufficient nexus is established [to show typicality] if the claims or defenses of the class and the class representative arise from the same event or pattern or practice and are based on the same legal theory." *In re Lupron Marketing and Sales Practices Litig.*, 228 F.R.D. at 89 (citations omitted). The claims of the Settlement Class Representatives are typical of the claims of the members of the Settlement Class, as their information was obtained at the same time and in the same manner as the rest of the Settlement Class. As such, the issue of whether that obtainment violated Federal law is the same for the class representatives as it is for the class members.

The fourth prerequisite for certification is that the representative parties will fairly and adequately protect the interests of the class. Satisfaction of this issue requires that the moving party show that: (1) the interests of Settlement Class Representatives do not conflict with the interests of any other member of the Settlement Class; and (2) the counsel chosen by the Settlement Class Representatives are qualified, experienced and able to vigorously conduct the proposed class action litigation. *Andrews v. Bechtel Power Corp.*, 780 F.2d 124, 130 (1st Cir. 1985). The interests of Settlement Class Representatives here do not conflict with the interests of any other Settlement Class Member, as they all seek compensation for the violation of Federal law. Further, as demonstrated by the efforts of Settlement Class Counsel to date, they have vigorously protected the interests of Settlement Class Representatives and Settlement Class Members, and will continue to do so. Additionally, this Court has already held that Mr. Phalen, Mr. Burgess and Mr. Saxton are adequate Settlement Class Counsel in another DPPA case against a different defendant.

### B. The Proposed Settlement Class Meets the Requirements of Rule 23(b)(3).

"In addition to the Rule 23(a) requirements of numerosity, commonality, typicality, and adequacy of representation, the party seeking to obtain class certification must demonstrate that the action may be maintained under Rule 23(b)(1), (2), or (3)." *In re Relafen Antitrust Litig.*, 231 F.R.D. 52, 68 (D. Mass. 2005) (citations omitted). The Settlement Class here satisfies the requirements of Rule 23(b)(3).

The Settlement Class satisfies the requirements of Rule 23(b)(3). "In adding 'predominance' and 'superiority' to the qualification-for-certification list, the Advisory Committee sought to cover cases "in which a class action would achieve the economies of time, effort, and expense, and promote uniformity of decision as to persons similarly situated, without sacrificing procedural fairness or bringing about other undesirable results." *In re Lupron*

*Marketing and Sales Practices Litig.*, 228 F.R.D. at 92 (*citing Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 615 (1997)). "The superiority analysis dovetails with the predominance analysis." *Id*. "The Rule 23(b)(3) predominance inquiry tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Id*. at 91 (*citing Amchem*, 521 U.S. at 623). These factors are readily satisfied here. For example, whether Defendant's obtaining the drivers information of Missouri drivers as it did was a violation of the DPPA and whether the conduct caused damage to members of the Settlement Class, are common questions that predominate over any individual ones that may exist. Additionally, a class action is superior to other available methods, as the amount of damages incurred by each Settlement Class Member is insufficient to justify the costs of pursuing an individual action.

## IV.  PRELIMINARY APPROVAL OF THE SETTLEMENT AGREEMENT IS APPROPRIATE

Courts look favorably on the settlement of disputed claims, and settlement is especially favored in class actions because it minimizes the litigation expenses of all parties and reduces the strain on judicial resources. "Particularly in class action suits, there is an overriding public interest in favor of settlement." *Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977). Under Rule 23(e)(1)(A), however, the Court still "must approve any settlement, voluntary dismissal, or compromise of the claims, issues, or defenses of a certified class." F.R.C.P., Rule 23(e)(1)(A).

Preliminary approval is the first of a two-step process for approval of a proposed class action settlement. In this first step, the Court simply determines whether the proposed settlement falls within the range of possible approval and whether it is reasonable to issue notification to class members of the settlement's terms. In the second step, after notice to the class and an opportunity is provided for absent class members to object or otherwise be heard, the Court must determine whether to grant final approval of the settlement as fair, reasonable and adequate,

under the rules of civil procedure. *See Manual for Complex Litigation (Third)* § 30.41 (1995); Alba Conte & Herbert B. Newberg, 4 *Newberg on Class Actions* § 11.25 (4th ed. 2002).

Preliminary approval of a proposed class action settlement does not involve a determination of the merits of the proposed settlement or affect the substantive rights of any class member. The purpose of preliminary approval is solely to communicate the proposed settlement to the class, to review and approve the proposed form of Notice to the class, and to authorize the manner and form of dissemination of the notice. *See Manual for Complex Litigation (Third)* § 30.41, at 236-37 (1995) ("If the preliminary evaluation of the proposed settlement does not disclose grounds to doubt its fairness or other obvious deficiencies . . . and [the settlement] appears to fall within the range of possible approval, the court should direct that notice" issue and should schedule a final approval hearing).

Where, as here, the proposed settlement is the result of extensive, arm's length negotiations between the parties, has no obvious deficiencies, falls within the range of possible approval, and does not grant preferential treatment to the Settlement Class Representatives or other segments of the class, courts generally grant preliminary approval and direct that notice of a formal fairness hearing be given to class members. *See Williams Foods, Inc. v. Eastman Chemical Co.*, 2001-2 Trade Cases (CCH) ¶ 73,414, 2001 WL 1298887 (D. Kan. Aug. 8, 2001); *see also In re Minolta Camera Prods. Antitrust Litig.*, 668 F. Supp. 456, 459-60 (D. Md. 1987); *In re Corrugated Container Antitrust Litig.*, 643 F.2d 195, 205 (5th Cir. 1981).

Although not required at this stage, the settlement also meets the standard for final approval as being fair, reasonable and adequate under F.R.C.P. Rule 23(e)(1)(C). While meeting the higher standard of being fair, reasonable and adequate-as opposed to meeting the standard of being within the range of fair, reasonable and adequate-is not required at this time, it is offered as

informative.

For final approval, the Court must consider a number of factors in determining whether a settlement is fair, reasonable, and adequate: (1) the merits of the plaintiffs case, weighed against the terms of the settlement; (2) the defendant's financial condition; (3) the complexity and expense of further litigation; and (4) the amount of opposition to the settlement. *In re BankAmerica Corp. Securities Litigation* 210 F.R.D. 694, 699-700 (ED. Mo. 2002). The substance and amount of opposition to the settlement can only be determined after notice has been accomplished. Thus, this factor is not analyzed here. Without limiting the briefing which will be made in support of final approval, as shown by the following analysis of the remaining factors, a final approval analysis also shows that the settlement is fair, reasonable and adequate, and in the best interests of the Settlement Class.

As shown by the following analysis of the above factors, the settlement in this case is fair, reasonable and adequate, and in the best interests of the Settlement Class, and approval is clearly warranted.

### A. The Merits of the Plaintiffs' case, weighed against the terms of the settlement.

"A fine-tuned equation by which to determine the reasonableness of the size of a settlement fund does not exist." *In re Relafen Antitrust Litig.*, 231 F.R.D. 52, 73 (D. Mass. 2005) (citations omitted). In considering the question of a possible recovery, the focus is on the possible recovery at trial. *In re Corrugated Container Antitrust Litig.*, 643 F.2d 195, 212 (5th Cir. 1981). The Court's role is not to engage in a claim-by-claim, dollar-by-dollar evaluation, but to evaluate the proposed settlement in its totality. *See Walmart Stores, Inc. v. Visa U.S.A.*, Inc., 396 F.3d 96, 106-07 (2d Cir. 2005); LiPuma, 406 F. Supp. 2d at 1323. Moreover, the existence of strong defenses to the claims presented makes the possibility of a low recovery quite

reasonable.  *See, e.g., Bennett v. Behring Corp.*, 737 F.2d 982, 986 (11th Cir. 1984); *Behrens*, 118 F.R.D. at 542.

The settlement here provides immediate relief. Its terms provide for the deletion of all social security numbers from the Missouri DOR Database.  This removal accomplishes the purpose of the DPPA; it protects this highly restricted personal information of Missouri citizens. The Defendant has also agreed to not seek such information from Missouri again unless such request, use and/or disclosure complies with applicable federal and state law.

Specifically, in the present case, Defendant has raised defenses that, while they have been successful to date, have not been tested in the 8th Circuit.  If Defendant were to prevail, the drivers' data would remain in the public domain. While Settlement Class Representatives are of the position that the Defendants' arguments are without merit, it illustrates the point that such hurdles would have to be cleared in any effort to litigate this case before the Settlement Class Members could obtain the relief sought.  In addition, the case would have to withstand an appeal and, considering that it would be a case of first impression in this Circuit, settlement makes sense.

The settlement provides substantial benefits in contrast to the possibility of no relief should the claims of Settlement Class Representatives be denied, and therefore, it represents a reasonable compromise Settlement of the Settlement Class Members' claims. Thus, this factor favors approval of the settlement.

### B. The Defendants' Financial Condition.

While Defendant could potentially pay more, the deletion of the social security numbers from the Missouri DOR Database and the uncertainty of the law, means this Settlement makes sense and this factor weighs in favor of settlement.

### C. The Complexity, Expense and Likely Duration of Further Litigation.

Settlement Class Representatives and Settlement Class Counsel recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the litigation against Defendant through trial and undoubted appeals should Defendant lose. "Complex litigation ... 'can occupy the court's docket for years on end, depleting the resources of the parties and the taxpayers while rendering meaningful relief increasingly elusive.'" *Woodward v. No-Am Chem Co.*, 1996 WL 1063670, at *21 (S.D. Al. 1996) (quoting *In re U.S. Oil & Gas Litig.*, 967 F.2d 489, 493 (11th Cir. 1992)). Thus, "[s]ettlement will alleviate the need for judicial exploration of these complex subjects, reduce litigation cost, and eliminate the significant risk that individual claimants might recover nothing." *Id*.

The Settlement Class Representatives believe that the claims asserted in the litigation have merit. However, Settlement Class Counsel has taken into account the uncertain outcome and risk of further litigation. Defendant aggressively maintains its positions regarding liability and damages; it denies both. Settlement Class Counsel are also mindful of the inherent problems of proof and possible defenses to the claims asserted in the litigation which the Defendant has and will assert on Appeal, as well as rulings in other jurisdictions.

Given the nature of the case, it is almost assured that any decision on the merits would be appealed, which would then cause further delay as it would require briefing, oral argument, and awaiting a decision. Beyond that, "any resolution favorable to Plaintiffs would certainly be followed by appellate proceedings delaying class recovery. All of these uncertainties in outcome strongly favor approval of a negotiated settlement." *LiPuma*, 406 F. Supp. 2d at 1322. The settlement provides for significant benefits for the members of the Settlement Class without the delays described herein. Thus, this factor favors final approval of the Settlement Agreement.

### D. The amount of opposition to the Settlement.

While it is unclear whether any individual would potentially oppose the settlement there

has been no indication of any opposition. To Settlement Class Counsel's knowledge, no other cases have ever been filed seeking the relief Plaintiffs seek here. This factor weights in favor of approval of the Settlement.

## V. NOTICE

Pursuant to Rule 23(e)(1)(B), "[t]he court must direct notice in a reasonable manner to all class members who would be bound by a proposed settlement . . ." Fed. R. Civ. P. 23(e)(1)(B). The proposed form of notice and plan for publishing are reasonable and designed to advise members of the Settlement Class of their rights. The purpose of notice is to "afford members of the class due process which, in the context of the Rule 23(b)(3) class action, guarantees them the opportunity to be excluded from the class action and not be bound by any subsequent judgment." *Peters v. National R.R. Passenger Corp.*, 966 F.2d 1483, 1486 (D.C. Cir. 1992) (citing *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 173-74 (1974)).

### A. Distribution of Notice

Here, the Short Form Publication Notice is being published pursuant to the notice plan and will provide a summary of the Settlement and information regarding the settlement, and will inform class members that the Long Form Notice is available at the dedicated website or by calling a toll free number.

### B. Contents of the Notice.

In addition, the contents of the proposed Notice are sufficient. The Notice must fairly describe the litigation and the proposed settlement and its legal significance. *See, e.g., Trvigg*, 153 F.3d at 1088 (5th Cir. 1977)) ("[The notice] must also contain an adequate description of the proceedings written in objective, neutral terms, that, in so far as possible, may be understood by the average absentee class member[.]"); *Bennett v. Behring Corp.*, 96 F.R.D. 343, 353 (S.D. Fla. 1982), affd, 737 F.2d 982 (11th Cir. 1984) ("It is not the function of the settlement notice to fully

inform the class of all the details of the settlement, but merely to put class members on notice of the general parameters of the settlement and to inform them of where information as to specifics may be obtained."). The notice program proposed here clearly meets these standards. The plan for publication notice is attached as Exhibit A.[1]

The proposed Notices (Short Form Publication Notice and Long Form Notice are attached to the Settlement Agreement as Exhibit B and C and hereto as Exhibit B and C. The Notice includes the Class Definition and other identifying information, a fair summary of the parties' respective litigation positions, the general terms of the settlement as set forth in the Settlement Agreement, instructions for objecting to the settlement or opting out of the remaining pending litigation with the Individual Defendants, and the date, time, and place of the Final Fairness Hearing. All elements set forth under Rule 23(c) are contained in the Notice.

## VI. CONCLUSION

As the above analysis shows, the Settlement Agreement is clearly within the range of preliminary approval. Therefore, Settlement Class Representatives, pray that this Honorable Court enter an order:

(a) granting class certification of a Settlement Class as requested herein;

(b) appointing Ralph K. Phalen, Mitch Burgess and Don Saxton as Settlement Class Counsel and appointing Plaintiffs Marcy A. Johnson and Carol Watkins as Settlement Class Representative;

(c) preliminarily finding that the Settlement Agreement is fair, reasonable, and adequate, and in the best interest of the Class;

---

[1] This notice plan is similar to the notice plan approved by this Court in the settlement of *Roberts v. Source for Public Data* and *Wiles v. Southwestern Bell, et al*.

(d) authorizing the Notice of class certification and preliminary approval of settlement to the Settlement Class in the manner set forth in the Settlement Agreement, this motion, and in the Exhibits attached to this motion;

(e) setting a date for the Final Fairness Hearing;

(f) granting such other and additional relief as the Court may deem just and appropriate.

DATED this the 15th day of August, 2011.

/s/Ralph K. Phalen
Mitchell L. Burgess, #47524
Keith C. Lamb,     #56761
**BURGESS & LAMB, P.C.**
1000 Broadway, Suite 400
Kansas City, MO 64105
Phone (816) 471-1700
Fax (816) 471-1701

Ralph K. Phalen Atty. at Law Ralph K. Phalen, Mo. Bar #36687 1000 Broadway, Suite 400
Kansas City, Mo. 64105
(816) 589-0753
(816) 471-1701 FAX

Don P. Saxton, MO# 56840
**SAXTON LAW FIRM, LLC** 1000 Broadway, Suite 400 Kansas City, Missouri 64105
(816) 471-1700
(816) 471-1701 FAX

## CERTIFICATE OF SERVICE

I herby certify that on August 15, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to following:

**ARMSTRONG TEASDALE LLP**
Matthew Duff Turner
Lisa Wood
One Metropolitan Square
Suite 2600
St. Louis, Missouri 63102-2740
(314) 621-5070
(314) 621-5065 FAX

**REED SMITH LLP**
Diane Green-Kelly
David Z. Smith
10 S. Wacker Drive, 40th Floor
Chicago, IL 60606
(312) 207-1000
(312) 207-6400 FAX


*/s/Ralph K. Phalen*
**ATTORNEYS FOR PLAINTIFF**