IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| MARCY A. JOHNSON and CAROL WATKINS, Individually and on Behalf of All Others Similarly Situated,<br>　　　　　　　　　Plaintiffs,<br>v.<br>WASHINGTON UNIVERSITY,<br>　　　　　　　　　Defendant. | Case No.: 2:10-cv-04170-NKL |

**ORDER GRANTING PRELIMINARY APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT, DIRECTING THE DISSEMINATION OF NOTICE AND SCHEDULING A FINAL SETTLEMENT HEARING**

　　　　The Court has considered the Class Action Settlement Agreement and its exhibits, the joint motion of the Settling Parties for an order preliminarily approving a class action settlement and directing dissemination of notice and setting a final settlement hearing, and all other papers filed in this action. The matter having been submitted and good cause appearing therefore, the Court finds as follows:

　　　　1.　　All defined terms contained herein shall have the same meanings as set forth in the Class Action Settlement Agreement executed by the Settling Parties and filed with this Court (the "Settlement Agreement").

　　　　2.　　The Class Representatives and the Releasees, through their counsel of record in the Litigation, have reached an agreement to settle all claims in the Litigation.

　　　　3.　　The Court preliminarily concludes, for the purposes of approving this settlement only and for no other purpose and with no other effect on the Litigation if the proposed Settlement Agreement is not ultimately approved or the Effective Date does not occur, that the proposed Rule 23 Class likely meets the requirements for certification under Rule 23 of the Federal Rules of Civil Procedure: (a) the proposed Class is ascertainable and so numerous that

1

joinder of all members of the class is impracticable; (b) there are questions of law or fact common to the proposed Settlement Class, and there is a well-defined community of interest among members of the proposed Settlement Class with respect to the subject matter of the Litigation; (c) the claims of Class Representatives Marcy A. Johnson and Carol Watkins are typical of the claims of the members of the proposed Settlement Class; (d) Class Representatives Marcy A. Johnson and Carol Watkins will fairly and adequately protect the interests of the Settlement Class Members; (e) a class action is superior to other available methods for an efficient adjudication of this controversy; (f) the counsel of record for the Class Representatives is qualified to serve as counsel for the Class Representatives in their own capacity as well as their representative capacity and for the Settlement Class; and (g) common issues will likely predominate over individual issues.

4. The Parties also have presented to the Court for review a Class Action Settlement Agreement. The Settlement Agreement proposes a Settlement that is within the range of reasonableness and meets the requirements for preliminary approval; and

5. The Parties have presented to the Court for review a plan to provide notice to the proposed Settlement Class of the terms of the settlement and the various options the Settlement Class has, including, among other things, the option for Settlement Class Members to opt out of the settlement, or to remain class members but to be represented by counsel of their choosing or to object to the proposed settlement. The notice will be published consistent with the Settlement Agreement. A date for opting out shall be included in the agreed notice and shall be a date prior to November 28, 2011.

Good cause appearing therefore, IT IS HEREBY ORDERED that:

2

1. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Class Action Settlement Agreement is preliminarily approved;

2. Notice of the proposed settlement and the rights of Settlement Class Members to opt out or object to the settlement shall be given consistent with the terms of the Settlement Agreement.

3. A hearing shall be held before this Court on November 28, 2011, at 2:00 PM, to consider whether the settlement should be given final approval by the Court:

    (a) Written objections by Settlement Class Members to the proposed settlement will be considered if received by Class Counsel or before the Objection Deadline;

    (b) At the Settlement Hearing, Settlement Class Members may be heard orally in support of or, if they have timely submitted written objections, in opposition to the settlement;

    (c) Class Counsel and counsel for the Releasees should be prepared at the hearing to respond to objections filed by Settlement Class Members and to provide other information, as appropriate, bearing on whether or not the settlement should be approved; and

4. In the event the Effective Date occurs, all Settlement Class Members will be deemed to have forever released and discharged the Released Claims. In the event the Effective Date does not occur for any reason whatsoever, the Settlement Agreement shall be deemed null and void and shall have no effect whatsoever.

DATED: August 19, 2011
                                      s/ Nanette K. Laughrey
                                      The Honorable Nanette Laughrey
                                      United States District Court Judge