# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

MARCY A. JOHNSON and CAROL
WATKINS, Individually and on Behalf of
All Others Similarly Situated,
                  Plaintiffs,

v.                                    Case No.: 2:10-cv-04170-NKL

WASHINGTON UNIVERSITY,
                  Defendant.

**REPRESENTATIVE PLAINTIFFS' MOTION FOR AND MEMORANDUM IN SUPPORT OF FINAL APPROVAL OF CLASS ACTION SETTLEMENT, AND AWARD OF ATTORNEYS' FEES, COSTS AND EXPENSES**

**COMES NOW** Representative Plaintiffs, individually and on behalf of the Settlement Class (as defined in the Settlement Agreement[1] and stated below), by and through Mitchell L. Burgess, Burgess and Lamb, P.C., Ralph K. Phalen, Attorney at Law and Don Saxton, Saxton Law Firm (collectively, "Co-Lead Class Counsel"), and for their Motion and Memorandum in Support of Approval of Class Action Settlement, and Award of Attorneys' Fees, Costs and Expenses, respectfully state as follows:

## I. INTRODUCTION

On August 19, 2011, the Court, after a hearing and due consideration, entered its order preliminarily certifying the Settlement Class and preliminarily approving the proposed settlement set forth in the Settlement Agreement between representative plaintiffs and defendant Washington University.

---

[1] The terms used herein have the same meaning as defined in the Settlement Agreement previously attached to Plaintiffs Motion for Approval of Settlement as Exhibit 1 and incorporated herein by reference.

1

As the Court is aware, the settlement was reached after diligent investigation, substantial discovery, evaluation of the facts and law relating to this litigation, and significant arm's-length negotiations. The settlement provides an excellent result for the Settlement Class. The Notice Program has been effective. Notice was done by publication pursuant to the notice plan approved by the Court on preliminary approval. *See* Exhibit 1. Dahl affidavit. With this extensive notice there were no objections to the settlement and no class member opted out of the settlement.

As illustrated *infra*, the settlement is fair, reasonable and adequate. Furthermore, as illustrated by the *Johnson* factors and other applicable law, Representative Plaintiffs' request for the award of attorneys' fees, costs and expenses, and incentive awards, is proper and well within reason. Thus, respectfully, the Court should grant final approval of the settlement and award the attorneys' fees, costs and expenses, as agreed to by the Parties.

## II. THE LITIGATION

The Defendant asserts that they have violated no laws and believe they have meritorious defenses. Likewise, Plaintiffs believe they will prevail should the case go to trial. Both parties recognize a risk if this lawsuit proceeds. Therefore, the parties have agreed to resolve the alleged violations of the DPPA, through their proposed settlement which includes the deletion of highly restricted personal information (social security numbers) and the promise to not obtain such data again unless, and until, it can be done in compliance with the Act.

## III. SUMMARY OF THE SETTLEMENT

The Settlement Class was certified by the Court in its Order of Preliminary Approval. *See* Order of Preliminary Approval dated August 19, 2011 (Doc. 19). The "Settlement Class" is defined as follows:

> **All Missouri licensed drivers whose personal information and/or highly restricted personal information from their motor vehicle records, as defined by 18 U.S.C. § 2725, was obtained, disclosed, or used by Washington University, or any agent, officer, employee, or contractor of Washington University from August 4, 2006 to present. Excluded from the Class are (1) any officer, agent or employee of Washington University or family members thereof; (2) any of the Class Counsel or any member of the Class Counsel's immediate families; (3) the Court presiding over this Case; and (4) any personnel of the Court presiding over this case**.

Order of Preliminary Approval at 2;

The Court appointed; Ralph K. Phalen, Ralph K. Phalen Attorney at Law, Mitch Burgess, Burgess and Lamb, P.C. and Don Saxton of the Saxton Law Firm as counsel for the settlement class. *Id*. at 3 The Settlement Agreement provides for:

Defendant will not request, use and/or disclose any highly restricted personal information, as defined under the DPPA, 18 U.S.C. § 2725, from the Missouri Department of Revenue unless such request, use and/or disclosure complies with applicable federal and state law. Further: "Within 25 business days after the Effective Date of the Settlement Agreement, Washington University will delete social security numbers from the Missouri DOR Database acquired after August 4, 2006."

In addition, Defendant agree to pay:

(1) Third Party Administration Costs, including the costs of Notice;
(2) Class Counsel's Attorney's Fees and case expenses in the amount of $25,000.00;
(3) Incentive Awards to the named class representatives in the amount of $500.00 each.

Therefore, by this motion, Representative Plaintiffs and Co-Lead Settlement Class Counsel respectfully move the Court for entry of an order: (1) finally approving the settlement set forth in the Settlement Agreement; (2) approving the fees and expenses

3

requested by Class Counsel (3) order the deletion of the social security numbers obtained by Defendant as described in the Settlement Agreement; and (4) order the payment of the incentive awards to the Class Representatives.

## IV. NOTICE TO THE CLASS

Constitutional due process requires that absent class members be provided the best notice practicable, reasonably calculated to apprise them of the pendency of the action and affording them the opportunity to object. *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797 (1985); Fed. R. Civ. P. 23(c)(2)(B). The mechanics of the notice process, however, "are left to the discretion of the court subject only to the broad 'reasonableness' standard imposed by due process." *Grunin v. Int'l House of Pancakes*, 513 F.2d 114, 121 (8th Cir. 1975).

Pursuant to Rule 23(e)(1)(B), "[t]he court must direct notice in a reasonable manner to all class members who would be bound by a proposed settlement . . ." F.R.C.P., Rule 23(e)(1)(B). The proposed form of notice and plan for publishing are reasonable and designed to advise members of the Settlement Class of their rights. The purpose of notice is to "afford members of the class due process which, in the context of the Rule 23(b)(3) class action, guarantees them the opportunity to be excluded from the class action and not be bound by any subsequent judgment." *Peters v. National R.R. Passenger Corp.*, 966 F.2d 1483, 1486 (D.C. Cir. 1992) (citing *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 173–74 (1974)).

### A. Distribution of Notice

Here, the Short Form Publication Notice was published pursuant to the notice plan approved by the Court and provided a summary of the Settlement and information regarding the settlement, and informed class members that the Long Form Notice was

4

available at the dedicated website or by calling class counsel. In addition to the Long Form Notice, the parties also made available on a dedicated website the Settlement Agreement, Order Granting Preliminary Approval and the Short Form Publication Notice. Likewise, Notice pursuant to the Class Action Fairness Act, 28 U.S.C. §1715 et. seq., ("CAFA") was accomplished in compliance with both this Court's Order and CAFA. *See* Exhibit 2, CAFA Notices.

### B. Contents of the Notice.

In addition, the contents of the proposed Notice were approved by the Court. The Notice described the litigation and the proposed settlement and its legal significance. *See*, *e.g.*, *Trvigg*, 153 F.3d at 1088 (5th Cir. 1977)) ("[The notice] must also contain an adequate description of the proceedings written in objective, neutral terms, that, in so far as possible, may be understood by the average absentee class member[.]"); *Bennett v. Behring Corp.*, 96 F.R.D. 343, 353 (S.D. Fla. 1982), aff'd, 737 F.2d 982 (11th Cir. 1984) ("It is not the function of the settlement notice to fully inform the class of all the details of the settlement, but merely to put class members on notice of the general parameters of the settlement and to inform them of where information as to specifics may be obtained."). The notice program proposed here clearly met these standards.

## V. THE TERMS OF THE SETTLEMENT ARE FAIR, REASONABLE AND ADEQUATE

The settlement meets the standard for final approval as being "fair, reasonable, and adequate." *See* Fed. R. Civ. P. 23(e)(1)(c). "Under Federal Rule of Civil Procedure 23(e), the district court acts as a fiduciary, serving as a guardian of the rights of absent class members." *In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922,

5

932 (8th Cir. 2005)(*citing Grunin v. Int'l House of Pancakes,* 513 F.2d 114, 123 (8th Cir. 1975)). A district court is required to consider four factors in determining whether a settlement is fair, reasonable, and adequate:

> (1) The merits of the plaintiff's case, weighed against the terms of the settlement;
> (2) The defendant's financial condition;
> (3) The complexity and expense of further litigation; and
> (4) The amount of opposition to the settlement.

*Id. (citing Grunin,* 513 F.2d at 124 (citations omitted)). *See also Van Horn v. Trickey,* 840 F.2d 604, 607 (8th Cir.1988). The district court need not make a detailed investigation consonant with trying the case; it must, however, provide the appellate court with a basis for determining that its decision rests on "well-reasoned conclusions" and is not "mere boilerplate." *Wireless Telephone,* 396 F.3d at 932-933 (*quoting Van Horn,* 840 F.2d at 607 (citations omitted)). The most important consideration in deciding whether a settlement is fair, reasonable, and adequate is "the strength of the case for plaintiffs on the merits balanced against the amount offered in settlement." *Id.* (*quoting Petrovic v. Amoco Oil Co.,* 200 F.3d 1140, 1150 (8th Cir.1999) (internal quotations omitted)).

In assessing these factors "[j]udges should not substitute their own judgment as to optimal settlement terms for the judgment of the litigants and their counsel." *Armstrong v. Board of School Directors,* 616 F.2d 305, 315 (7th Cir.1980), *overruled on different grounds, Felzen v. Andreas,* 134 F.3d 873, 875 (7th Cir.1998). *See also Petrovic*, 200 F.3d at 1148-1149. "[S]trong public policy favors agreements, and courts should approach them with a presumption in their favor." *Little Rock School District v. Pulaski County Special School District No. 1,* 921 F.2d 1371, 1388 (8th Cir.1990). *See also Petrovic*, 200 F.3d at

6

1148. There is "an overriding public interest in favor of settlement, particularly in class actions that have the well-deserved reputation of being most complex." *Assoc.for Disabled Americans, Inc. v. Amoco Oil Corp.* 211 F.R.D. 457, 466 (S.D. Fla. 2002); *Access Now Inc. v. Claire's Stores, Inc.,* 2002 WL 1162422 *4 (S.D. Fla. 2002). Thus, in reviewing a proposed settlement, "the clear policy in favor of encouraging settlements must also be taken into account. . . particularly in an area where voluntary compliance by the parties over an extended period will contribute significantly toward ultimate achievement of statutory goals." *Patterson v. Newspaper & Mail Deliverers' Union,* 514 F.2d 767, 772 (2d Cir. 1975) (citations omitted); *LiPuma v. American Express Co.,* 406 F. Supp. 2d 1298, 1314 (S.D. Fla. 2005).

As the following analysis of the above factors shows, the settlement in this case is fair, reasonable and adequate, and in the best interests of the Settlement Class, and approval is clearly warranted.

**A. The Merits Of The Plaintiffs' Case, Weighed Against The Terms Of The Settlement.**

"A fine-tuned equation by which to determine the reasonableness of the size of a settlement fund does not exist." *In re Relafen Antitrust Litig.*, 231 F.R.D. 52, 73 (D. Mass. 2005) (citations omitted). In considering the question of a possible recovery, the focus is on the possible recovery at trial. *In re Corrugated Container Antitrust Litig,,* 643 F.2d 195, 212 (5th Cir. 1981). The Court's role is not to engage in a claim-by-claim, dollar-by-dollar evaluation, but to evaluate the proposed settlement in its totality. *See Walmart Stores, Inc. v. Visa U.S.A., Inc.,* 396 F.3d 96, 106–07 (2d Cir. 2005); *LiPuma,* 406 F. Supp. 2d at 1323. "The most important consideration in this context is "the strength of the case for plaintiffs

7

on the merits, balanced against the amount offered in settlement." *Grunin,* 513 F.2d at 124 (*quoting West Virginia v. Charles Pfizer and Company, Inc.,* 314 F.Supp. 710, 740 (S.D.N.Y.1970), *aff'd,* 440 F.2d 1079 (2d Cir.1971), *cert. denied,* 404 U.S. 871 (1971); *Petrovic*, 200 F.3d at 1150.

The Settlement provides immediate relief. It requires Defendant to delete social security numbers from the Missouri DOR Database acquired after August 4, 2006. It prevents further disclosure of such information and greatly reduces the risk of identity theft and the illegal use of such information from Missouri drivers. The terms of the settlement provide significant benefits for the class. The settlement provides substantial benefits in contrast to the very real possibility of no, or lesser, relief should the claims of Representative Plaintiffs be denied. There are multiple issues that could have been appealed and that would have been issues of first impression for the Court of Appeals. Thus, this factor favors approval of the settlement.

**B. The Defendants' Financial Condition**

A significant focus of the parties' negotiations has been to reach settlement terms that provide the class members with significant value while also being financially viable for Defendants. Given the substantial risks and obstacles faced by the class in proceeding to trial, and through certain appeals, this factor weighs in favor of approval of the settlement.

**C. The Complexity and Expense of Further Litigation**

Representative Plaintiffs and Co-Lead Settlement Class Counsel recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the

8

litigation against the Defendant through Summary Judgment and appeals. The Representative Plaintiffs believe that the claims asserted in the litigation have merit. However, Co-Lead Settlement Class Counsel has taken into account the uncertain outcome and the risk of further litigation. Defendant has aggressively maintained its positions regarding liability and damages. It denies both. Co-Lead Settlement Class Counsel are also mindful of the inherent problems of proof and possible defenses to the claims asserted in the litigation. Given the nature of the case, it is assured that any final decision on the merits would be appealed, which would then cause further delay as it would require briefing, oral argument (if requested by the appeals court), and awaiting a decision. In contrast, the settlement provides for significant benefits for the members of the Settlement Class without the delays described herein. Due to the significant risks in this litigation and the uncertainty of prevailing on the merits and of establishing damages, and prevailing on appeal, this factor favors approval of the Settlement Agreement.

**D. The Amount Of Opposition To The Settlement.**

There have been no objections filed to this Settlement. With extensive publication notice having been completed, to have no objection to the settlement speaks volumes. Settlements have been approved with multiple objectors and numbers as high as 4-10% of the class objecting. *See Petrovic v. Amoco Oil* Co., *supra.* Having no objectors shows overwhelming support for the value and benefits delivered by the Settlement. This factor weighs heavily in favor of approval of the Settlement.

## VI. THE REQUESTED AWARD OF ATTORNEYS' FEES, COSTS AND EXPENSES IS REASONABLE

9

Class Counsel is applying to the Court to approve the payment of $25,000.00. A review of the docket sheet in this case illustrates the amount of work involved in this case. Defendants have agreed to pay the $25,000.00 for use on the above terms. Class Counsel respectfully request that the Court approve payment of these reasonable costs and expenses, and the small amount of attorney fees for a total amount of $25,000.00, which was agreed to between the Parties after good faith, arm's length negotiations which occurred after the other terms of the Settlement Agreement were reached.

This circuit has adopted the percentage of the common fund approach when deciding attorney fees. *Harris v. Republic Airlines* 1991WL 238992 (D.Minn.) at 2 "An award of attorneys' fees is committed to the discretion of the trial court. *H.J., Inc. v. Flygt Corp.,* 925 F.2d 257, 259 (8th Cir.1991). However, because this case does not involve a common fund for return of money to the class, this Circuit has also established factors that a court could examine in determining a fee award. *Allen v. Tobacco Superstore, Inc.,* 475 F.3d 931 (8th Cir. 2007), *relying on*, *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714 (5th Cir. 1974). These factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and the length of the professional relationship with the client; and (12) awards in similar cases. *Johnson,* 488 F.2d at 717–19.

**1. The Time and Labor Required, the Difficulty of the Questions Involved,**

**and the Skill Required to Litigate the Case.**

The record of this case amply establishes the significant time and labor required to litigate these cases. Since the initiation of this litigation in August 2010, Plaintiffs' researched numerous unique issues pertaining to the litigation. More time, costs and expenses have been expended and incurred since the granting of the Preliminary Approval due to handling the notice issues and preparing for final approval. The record equally establishes that this case presented difficult questions, several of which have not been finally decided by any Appellate Court, and which required commensurate skill to litigate the case properly.

**2. The Experience, Reputation and Ability of the Attorneys.**

The firms involved in this litigation have the experience, reputation, and ability to litigate complex class cases. Co-Lead Class Counsel involved in this litigation have vast experience in mass tort and class action litigation which served the Class well in this litigation, which is demonstrated by the results they have achieved. Co-Lead Class Counsel have been counsel in several other cases in both the Eastern and Western District of Missouri, as well as numerous cases in state court in Missouri and other states and other Federal Courts.

**3. The Preclusion of Other Employment by the Attorneys Due to Acceptance of the Case.**

The efforts of Co-Lead Class Counsel in the management of this class action necessarily infringed upon the time and opportunity they would have had available to accept other employment. The reality of complex cases is that work is not easily shifted to other attorneys in a firm not familiar with the matter, with the result that substantially less time

becomes available to Co-Lead Class Counsel to attend to other matters. Time and energy devoted to this litigation necessarily limited the time and energy available for other litigation.

### 4. The Customary Fee; Awards in Similar Cases.

An action of this complex nature is a "make or break" venture for which compensation should bear a reasonable relationship to the success of the venture when compared to the risks undertaken, particularly in the legal atmosphere for plaintiff lawyers in a class action context. It is also significant that the amount sought is a small fraction of the time spent on the case and comports with the standard fees in the marketplace. *See, e.g., In re Continental Illinois Sec. Litig.,* 962 F.2d 566, 572 (7th Cir. 1992) ("The object in awarding a reasonable attorneys' fee . . . is to simulate the market."). Thus, the requested fee is entirely appropriate and well below the range of those typically awarded.

### 5. Whether the Fee is Fixed or Contingent.

This case was prosecuted by Class Counsel on a purely contingent basis, thereby assuming the risk of no payment for a considerable amount of work over an extended period of time. Thus, the contingency risk in this case was substantial. "A contingency fee arrangement often justifies an increase in the award of attorneys' fees." *In re Sunbeam,* 176 F. Supp. 2d at 1335 (quoting *Behrens v. Wometco Enters., Inc.,* 118 F.R.D. 534, 548 (S.D. Fla. 1988), aff'd, 899 F.2d 21 (11th Cir. 1990)). Co-Lead Class Counsel spent considerable time advancing this case without any compensation for their time. They did so without knowing whether their time would ever be compensated. In sum, this case presented great financial risk from its inception. As the Court found in *Pinto v. Princess Cruise Lines, Ltd.*, 513 F. Supp. 2d 1334, 1339 (S.D. Fla. 2007): [A]ttorneys' risk is 'perhaps the foremost

12

factor' in determining an appropriate fee award. *Goldberger v. Integrated Res., Inc.*, 209 F.3d 43, 54 (2d Cir.2000) (citation omitted); *accord Jones v. Diamond*, 636 F.2d 1364, 1382 (5th Cir.1981) ("Lawyers who are to be compensated only in the event of victory expect and are entitled to be paid more when successful than those who are assured of compensation regardless of result."); *see also Ressler v. Jacobson*, 149 F.R.D. 651, 656 (M.D.Fla.1992) ("Numerous cases recognize that the attorney's contingent fee risk is an important factor in determining the fee award."); *Walters v. Atlanta*, 652 F.Supp. 755, 759 (N.D.Ga.), modified, 803 F.2d 1135 (11th Cir.1986); *York v. Alabama State Bd. of Educ.*, 631 F.Supp. 78, 86 (M.D.Ala.1986).

**6. The Amount Involved and the Results Obtained.**

The result achieved is a major factor to consider in making a fee award. *Hensley v. Eckerhart,* 461 U.S. 424, 436 (1983) ("critical factor is the degree of success obtained"); *Behrens*, 118 F.R.D. at 547-48 ("The quality of work performed in a case that settles before trial is best measured by the benefit obtained."). Moreover, when determining the total value of a class action settlement for purposes of calculating the attorneys' fee award, courts usually consider not only the compensatory relief, but also the economic value of any prospective injunctive relief obtained for the class. *See, e.g., Staton v. Boeing, Co.,* 327 F.3d 938, 974 (9th Cir. 2003) ("courts should consider the value of the injunctive relief obtained as a relevant circumstance in determining what percentage of the common fund Class Counsel should receive as attorneys' fees"). Here, the results obtained well support Co-Lead Settlement Class Counsel's fee request.

**7. The Undesirability of the Case.**

13

"A court's consideration of this factor recognizes that counsel should be rewarded for taking on a case from which other law firms shrunk. Such aversion could be due to any number of things, including social opprobrium surrounding the parties, thorny factual circumstances, or the possible financial outcome of a case. All of this and more is enveloped by the term 'undesirable.'" *In re Sunbeam,* 176 F. Supp. 2d at 1336. Here, not only was the financial outcome uncertain, but the representation involved bringing claims that were difficult and risky. Few counsel were willing to assume this representation, as evidenced by the fact that Defendant had failed to comply with the statutes for years and no other litigation or attempt to create compliance had been instituted. This represents yet another factor warranting the requested award of fees, costs and expenses.

**8. Time limitations imposed by the client or the circumstances.**

As the Court is well aware, this case has required significant attention by Class Counsel. Frequently, issues required immediate attention and completion within a very short period of time, and Co-Lead Class counsel responded accordingly.

**9. The nature and length of the professional relationship with the client.**

Representative Plaintiffs have been clients for over two years. They have actively participated in the litigation and were available to help whenever needed and gave their depositions. All were kept abreast of the developments throughout this litigation.

Thus, application of the *Johnson* factors supports an award of fees, notice costs, expenses, and incentive awards to Co-Lead Settlement Class Counsel in the amount of $25,000.00 which is an amount that the Defendant has agreed to pay.

**VII. CONCLUSION**

For the reasons set forth above, Plaintiffs respectfully request that the Court order final approval of the class action settlement, order the deletion of the social security numbers in the possession of the Defendant pursuant to the Settlement Agreement, award a total of $25,000.00 for attorney fees, expenses, costs of notice and $500.00 to each of the class representatives as an incentive award for their willingness to participate in the litigation.

       /s/Mitchell L. Burgess

Mitchell L. Burgess #47524
Keith C. Lamb    #56761
1000 Broadway, Suite 400
Kansas City, MO 64105
Phone (816) 471-1700
Fax (816) 471-1701

and

Ralph K. Phalen Atty. at Law
Ralph K. Phalen, Mo. Bar #36687 1000 Broadway, Suite 400
Kansas City, Mo. 64105
(816) 589-0753
(816) 471-1701 FAX

**ATTORNEYS FOR PLAINTIFFS**

### CERTIFICATE OF SERVICE

I herby certify that on November 14, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to following:

**ARMSTRONG TEASDALE LLP**
Matthew Duff Turner

Lisa Wood
One Metropolitan Square
Suite 2600
St. Louis, Missouri 63102-2740
(314) 621-5070
(314) 621-5065 FAX

**REED SMITH LLP**
Diane Green-Kelly
David Z. Smith
10 S. Wacker Drive, 40th Floor
Chicago, IL 60606
(312) 207-1000
(312) 207-6400 FAX


*/s/Mitchell L. Burgess*
**ATTORNEYS FOR PLAINTIFF**