IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

MARCY A. JOHNSON and CAROL
WATKINS, Individually and on Behalf of All
Others Similarly Situated,
                 Plaintiffs,
v.

Case No.: 2:10-cv-04170-NKL

WASHINGTON UNIVERSITY,
                 Defendant.

## ORDER AND JUDGMENT

Plaintiffs Marcy Johnson and Carol Watkins, as class representatives ("Plaintiffs"), sued Defendants Washington University ("Defendant"), for alleged violations of the Drivers Privacy Protection Act (DPPA) 18 U.S.C. §§ 2721, *et. seq*. Plaintiffs alleged that the Defendant had improperly obtained and disclosed highly restricted information, as defined by the DPPA. Before the Court is Plaintiffs' Motion for Order seeking Final Approval of a Class Action Settlement and Award of Attorneys' Fees, Costs and Expenses (Doc. #21). The Court finds and orders as follows:

    A.      Settlement

On August 19, 2011, the Court entered an Order [Doc. #19] which preliminarily certified a Settlement class pursuant to Rule 23, Federal Rules of Civil Procedure, approved the form and method of dissemination of the notice to Settlement Class Members, directed appropriate notice to the Settlement Class, and scheduled a hearing to consider final approval of the settlement.

The form, content, and method of dissemination of the notice given to the Settlement Class was adequate and reasonable and constituted the best notice practicable in the circumstances. The notice as given provided valid, due, and sufficient notice of the proposed settlement, the terms and conditions of the Settlement Agreement, and these proceedings to all persons entitled to such notice, and the notice satisfied the requirements of Rule 23, Federal Rules of

1

Civil Procedure, and due process. In addition, Notice pursuant to the Class Action Fairness Act, 28 U.S.C. §1715 et. seq., ("CAFA") was accomplished in compliance with both this Court's Order and CAFA. There were no objections to the Settlement Agreement.

Pursuant to Rule 23 and the order of preliminary approval, for the purpose of settling the Released Claims against the Defendant in accordance with the Settlement Agreement, the following persons are members of the Settlement Class:

> **All Missouri licensed drivers whose personal information and/or highly restricted personal information from their motor vehicle records, as defined by 18 U.S.C. § 2725, was obtained, disclosed, or used by Washington University, or any agent, officer, employee, or contractor of Washington University from August 4, 2006 to present. Excluded from the Class are (1) any officer, agent or employee of Washington University or family members thereof; (2) any of the Class Counsel or any member of the Class Counsel's immediate families; (3) the Court presiding over this Case; and (4) any personnel of the Court presiding over this case**.

On November 28, 2011, the Court held a hearing to determine whether the settlement described in the Settlement Agreement is fair, reasonable, adequate, and in the best interest of the Settlement Class. Review of the submissions presented with respect to the settlement, the record, the evidence presented by the parties, and argument of counsel reveals that the settlement is fair, reasonable, adequate, and in the best interest of the Settlement Class.

The Court has considered the following factors in determining that the settlement is fair, reasonable, adequate, and in the best interest of the Settlement Class: "the merits of the plaintiffs case, weighed against the terms of the settlement; the defendant's financial condition; the complexity and expense of further litigation; and the amount of opposition to the settlement." *See Van Horn v. Trickey,* 840 F.2d 604, 606 (8th Cir.1988) (citation omitted); *In re Wireless Tel. Fed. Cost Recovery Fees Litig.,* 396 F.3d 922 (8th Cir. 2005). The public interest is also a factor that should

be considered in evaluating a class action settlement. *See Angela R. by Hesselbein v. Clinton,* 999 F.2d 320, 324 (8th Cir.1993).

These factors weigh in favor of approving the settlement. While Plaintiffs' case is meritorious, it is threatened by the defenses raised by the Defendant. The recovery secured for the Settlement Class is substantial — Defendant will not request, use and/or disclose any highly restricted personal information, as defined under the DPPA, 18 U.S.C. § 2725, from the Missouri Department of Revenue unless such request, use and/or disclosure complies with applicable federal and state law. Further: "Within 25 business days after the Effective Date of the Settlement Agreement, Washington University will delete social security numbers from the Missouri DOR Database acquired after August 4, 2006." After receiving notice, no Settlement Class Member — or other person — has objected. The public interest is served by the removal of social security numbers and the agreement not to purchase social security numbers again unless an exception to the DPPA can be met. This return of information is consistent with the purpose of the DPPA and its goal of protecting such information. In addition, the procedural status of the case weighs in favor of a finding of fairness: the parties engaged in rigorous motion practice, discovery, and arms-length negotiations. *See generally* Fed. Judicial Ctr., *Manual for Complex Litig. §* 30.42 at 240 (3d. ed.1997).

The Representative Plaintiffs and Co-Lead Class Counsel fairly and adequately represent the interests of Settlement Class Members in connection with the Settlement Agreement.

The settlement is fair, reasonable, adequate, and in the best interest of the Settlement Class and is **APPROVED**.

The Representative Plaintiffs, Defendant, and the Settlement Class Members shall consummate the settlement according to the terms of the Settlement Agreement. The Settlement Agreement in its entirety is incorporated by reference into this Order.

The Complaint and all claims alleged in the Litigation against the Defendant is to be Dismissed with Prejudice by Plaintiffs.

Each "Claim" as defined in the Settlement Agreement of each Settlement Class Member is hereby extinguished as against the Defendant. The Representative Plaintiffs and each Settlement Class Member shall be deemed conclusively to have compromised, settled, discharged, and released the Claims against the Defendant upon the terms and conditions provided in the Settlement Agreement.

Settlement Class Members shall be and hereby are permanently barred and enjoined from, either directly or indirectly, representatively, as a member of or on behalf of the general public, or in any capacity, commencing, prosecuting, or participating in any recovery in any action in this forum (other than participation in the settlement as provided herein) in which any of the Claims against Defendant are asserted.

Defendant shall be deemed conclusively to have fully, finally, and forever released, relinquished, and discharged the Representative Plaintiffs and the Settlement Class Members from all claims based upon, or arising out of the institution, prosecution, assertion, settlement, or resolution of the Litigation or the Claims, except as set forth in the Settlement Agreement.

### B    Attorneys' Fees, Costs & Expenses

The Court has reviewed the Representative Plaintiffs' Motion for an award of attorneys' fees, costs and expenses. Defendant has agreed to pay a total of $25,000.00 in attorney fees, costs, expenses, class representation compensation, and costs of notice. The Court has considered:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*See United HealthCare Corp. v. American Trade Ins. Co.,* Ltd., 88 F.3d 563, 575 n.9 (8th Cir. 1996) (citation omitted). As demonstrated by the parties' motion practice and the Court's prior Orders in this case, experienced class counsel expended significant time and labor on this novel and

4

Case 2:10-cv-04170-NKL    Document 23    Filed 11/28/11    Page 4 of 5

undesirable case, and obtained substantial results. The Court finds, and Defendant agrees, that an award in the amount of $25,000.00 is fair and reasonable. The $25,000.00 shall be paid to Co-Lead Class counsel for expenses and attorney fees.

### C. Conclusion

Without affecting the finality of this judgment in any way, the Court retains jurisdiction over the Settling Parties and the Settlement Class for the administration, consummation, and enforcement of the terms of the Settlement Agreement. Accordingly, it is hereby

**ORDERED** that the Plaintiffs' Motion for Final Approval of Class Action Settlement and Award of Attorneys' Fees, Costs, and Expenses (Doc. #21) is **GRANTED.**

s/Nanette K. Laughrey<br>
NANETTE K. LAUGHREY United States District Judge

Dated: November 28, 2011